[Civil No. 351.   Filed January 28, 1893.]

[77 Pac. 617.]

## CHARLES R. WORES, Defendant and Appellant, v. A. J. PRESTON, Plaintiff and Appellee.

1. APPEAL AND ERROR—APPEAL HOW PERFECTED—FILING BOND BEFORE RULING UPON MOTION FOR NEW TRIAL, BUT AFTER JUDGMENT, DOES NOT AFFECT RIGHT OF APPEAL.—An appeal is perfected under our code upon the concurrence of two acts,—viz., giving notice of appeal and filing an appeal-bond. Where an appeal-bond is filed after entry of judgment, but before the action of the court upon a motion for a new trial, and notice of appeal is given after the motion had been overruled, the appeal was properly perfected.

2. SAME—JURY—WANT OF UNANIMITY—BILL OF EXCEPTIONS—GROUND FOR NEW TRIAL—WAIVER OF ERROR—TRANSCRIPT ON APPEAL—CONTRADICTION IN RECORD.—Where error is assigned upon the ground that the verdict of the jury is void because concurred in by ten jurors only, and the record, being a transcript of the clerk's minutes, shows in one place that the verdict was signed by the foreman only and concurred in by the other jurors, and in another that the verdict was signed not only by the foreman but by nine others of the jury, this court cannot say that one part of the record imports verity more than the other, and appellant having failed to object to its receipt and to preserve its want of unanimity in

the bill of exceptions, and to make the receipt of the imperfect verdict a ground for a motion for new trial, will be held to have waived the objection.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Richard E. Sloan, Judge. Affirmed.

Owen T. Rouse, for Appellant.

W. M. Lovell, for Appellee.

KIBBEY, J.—Appellee moved to dismiss this appeal because the appeal-bond was filed before the trial court ruled upon appellant's motion for a new trial.

We think that fact cannot affect the right of appeal. An appeal is perfected under our code upon the concurrence of two acts—viz., giving notice of appeal and filing an appeal-bond.

In this case the appeal-bond was filed after the entry of the judgment but before the action of the court upon the motion for a new trial: the notice of appeal was given after the motion for a new trial had been overruled. The appeal was therefore properly perfected, and the motion to dismiss is accordingly denied.

Appellee sued appellant for $335, the purchase price for 74,455 pounds of silver and gold ore alleged to have been sold and delivered by appellee to appellant.

Appellant alleged that the contract of purchase was conditional, being dependent upon the ore assaying not less than thirty-eight ounces of silver per ton; that he was induced to make the purchase upon the representation of the appellee that the ore would assay not less than thirty-eight ounces of silver per ton; that, relying upon that representation, he hauled the ore from the dump of the Blue Jay Mine, thirty miles distant from Tucson, to that place, where he ascertained that it would not average over twenty-seven ounces of silver per ton; that ore running less than thirty-eight ounces was valueless to him, and there was a resultant damage to him accruing from the cost of hauling the ore, etc., of $246.08, for which he demanded judgment against the appellee.

There was a trial by jury, and verdict for the plaintiff for the sum demanded in the complaint.

There was a motion for a new trial,—a bill of exceptions, and a statement of facts.

The errors assigned are that the verdict of the jury is void because concurred in by ten jurors only; that the court erred in excluding certain evidence offered by appellant, and in admitting certain evidence offered by appellee at the trial; and that the verdict is contrary to the evidence.

The want of unanimity of the jury in the verdict was not made a ground of the motion for a new trial. No objection was made to the receipt of the verdict at the time, and it does not appear in the record as a matter of fact that the verdict was not unanimous.

The minute entry of the clerk recites that the jury came into court in charge of the bailiff, and, their names being called, all (12) answered thereto, and being asked if they had agreed upon a verdict replied through their foreman that they had, and that then the foreman presented a verdict, which was for the plaintiff, and signed by the foreman only, that the jury, being interrogated by the clerk, "say that is their verdict, and so say they all." In another part of the record the verdict appears signed not only by the foreman but by nine others of the jury. We cannot say that one part of the record, both being transcripts of the clerk's minutes, imports verity more than the other. If appellant wished to save this question,—if in fact the verdict was not a unanimous one,—he should at the time have objected to its receipt and preserved the fact of its want of unanimity in the bill of exceptions, and made the receipt of the imperfect verdict a ground for a motion for a new trial. By failing to have done so, he has waived the objection.

The court did not err, so far as we can gather from the record, in excluding evidence offered by the appellant. The bill of exceptions does not disclose the facts proposed to be proved by the rejected evidence, and its relevancy is not disclosed by the questions propounded. The evidence admitted over appellant's objection was immaterial, but in no wise prejudiced appellant. The evidence in the case amply sustains the verdict.

The judgment is affirmed.